UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AIR PRODUCTS AND CONTROLS, INC.,

        Plaintiff,

                                      Case number 05-73031

v.                                        Honorable Julian Abele Cook, Jr.

SAFETECH INTERNATIONAL, INC, ET AL.,

        Defendants.

## ORDER

On July 5, 2005, the Plaintiff, Air Products and Controls, Inc. ("Air Products"), initiated the present lawsuit in the Circuit Court of Oakland County, Michigan, alleging that the Defendants, Safetech International, Inc. ("Safetech") and R. Gaylen Davenport ("Davenport"), had engaged in a fraudulent transaction which caused it to sustain a substantial amount of damages. Approximately one month later (August 4, 2005), the Defendants removed the case to this federal court on the basis of its diversity jurisdiction. Following a hearing on February 10, 2006, the Court granted the Defendants' motion to dismiss on the basis of Fed.R.Civ.P. 12(b)(6).

On February 27, 2006, Air Products filed a motion for reconsideration, in which it requested this Court to reevaluate its February 10th order. It is Air Products' position that the rulings of the Court regarding (1) a rejection of its claims for attorney fees, and (2) a finding that its causes of action did not "arise out of" any contact between the Defendants and the State of Michigan, were legally incorrect. This Court disagrees.

I.

The limitation period in which an aggrieved party must file a motion for reconsideration in this district is governed by E.D. Mich. LR 7.1(g)(1), which provides that "[a] motion for reconsideration must be filed within 10 days after entry of the judgment or order." Although the challenged Order was issued on February 10, 2006, Air Products' motion was not filed with the Court until February 27, 2006. As a consequence, the filing of this motion falls outside the requisite ten day period, as delineated by our Local Rules. Therefore, this Court is without jurisdiction to evaluate the merit of Air Products' motion.

However, even if Air Products' request had been submitted in a timely fashion, its motion would be denied because it has failed to proffer any evidence that the decisions of the Court, which are the subject of the pending motion for reconsideration, were legally incorrect. The basis upon which the Court must evaluate a motion for reconsideration in this district is governed by E.D. Mich. LR 7.1(g)(3), which reads:

> Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the court and the parties have been misled but also show that correcting the defect will result in a different disposition of the case.

In this motion, Air Products maintains that its request for attorney fees (as reflected in its sixth cause of action) was based solely upon the parties' credit agreement, and as such, it is entitled to recover the costs of collecting past due obligations against the Defendants. Air Products also asserts that Davenport served as a guarantor of the debt, in that he had personally agreed to assume and pay its attorney's fees. In addition, Air Products contends that its application for relief is based upon the Defendants' breach of a specific provision within their contract; namely, the credit agreement.

Notwithstanding Air Product's assertion to the contrary, this claim is barred by Rule 13(a) of the Federal Rules of Civil Procedure.[1] Noting that these claims had been proffered by Air Products in a previous litigation, including those issues relating to a breach of contract, an action on account, and quantum meruit claims,[2] the Court issued a direct verdict in favor of the Defendants. As such, those claims by Air Products, which pertained to attorneys' fees, should have been raised in the earlier litigation as a compulsory counterclaim. Generally, the failure of an aggrieved party to assert a compulsory counterclaim serves as a bar to the initiation of a subsequent suit on that same claim. *Baker v. Gold Seal Liquors,* 417 U.S. 467, 468 (1974). Since the claim was not asserted as a compulsory counterclaim, Air Products is now precluded from submitting this issue for consideration in the present lawsuit.

II.

It is Air Products' second contention that its causes of action did "arise out of" the Defendants' contact with the State of Michigan. This claim is identical to the position that was taken by Air Products during the summary judgment hearing on December 19, 2005. In its motion for reconsideration, Air Products contends that the determination by the Court (to wit, that its causes of action in this case did not arise from the Defendants' contacts with the

---

[1] Rule 13(a) provides, in part, the following:

A pleading shall state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction.

[2] *See Safetech International, Inc. v. Air Products and Controls, Inc.* 2004 U.S. Dist. LEXIS 2173 (D. Kan. 2004) (denying Air Product's motion for summary judgment with respect to (1) action on account, (2) breach of contract, (3) breach of direct invoicing agreement, (4) failure to pay for goods sold and delivered, (5) unjust enrichment, and (6) quantum meriut)

State of Michigan) was without legal justification. However, the Court specifically addressed this issue in its Order of February 10, 2006 and determined otherwise. The Court concluded that Air Products had not alleged a breach of any specific provision of its contract with the Defendant. Instead, Air Products' cause of action in the instant suit arose from the sale of the Defendant's assets, which occurred in a jurisdiction outside the State of Michigan.[3] Thus, the Court is devoid of subject jurisdiction in this matter.

Moreover, Air Products, in submitting its request for reconsideration, has the responsibility of (1) demonstrating the existence of "a palpable defect by which the [Court] and the parties have been misled," and (2) showing that a correction of the claimed defective ruling will bring about "a different disposition of the case." This is a burden that Air Products has failed to satisfy, in that its arguments in support of the motion for reconsideration have fallen short of demonstrating the existence of the "palpable defect" and the "different disposition" standards within the challenged Order of February 10, 2006.

III.

For these reasons, Air Products' motion for reconsideration shall be, and is, denied.

IT IS SO ORDERED.

Dated: May 22, 2006       s/ Julian Abele Cook, Jr.
        Detroit, Michigan     JULIAN ABELE COOK, JR.
                      United States District Court Judge

---

[3] Air Products failed to present evidence indicating that the sale had occurred within Michigan.

<u>Certificate of Service</u>

    I hereby certify that on May 22, 2006, I electronically filed the foregoing with the Clerk of the Court using the ECF system, and I further certify that I mailed a copy to the non-ECF participant(s).

<u>s/ Kay Alford</u>
Courtroom Deputy Clerk
